**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD COMBS, #1337449,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:05-CV-831-D** |
| **v.** | § | |
| | § | |
| **LUPE VALDEZ, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference*, filed November 10, 2005, Defendants Kathryn Flangin and Roselyn Mgbakor's *Motion for Judgment on the Pleadings with Brief in Support* ("2nd MTD"), filed November 10, 2005, has been referred to this Court for hearing, if necessary, and recommendation. Plaintiff did not file a response. Based on the motion and the applicable law, the Court finds that the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff is an inmate currently incarcerated in the Hutchins State Jail of the Texas Department of Criminal Justice ("TDCJ"); prior to that, he was incarcerated in the Dallas County Jail for a period of approximately six weeks. (Mag. Quest. at 2.) On April 22, 2005, Plaintiff filed this civil rights action alleging that the defendants, including Sheriff Lupe Valdez and employees of the Dallas County Jail, violated his civil rights by denying him access to prescription medications and failing to provide adequate medical care. (Compl. at 7-8.[1]) Specifically, Plaintiff alleges that

[1]Plaintiff attached three unnumbered pages to his § 1983 complaint form. For ease of reference, the Court refers to those pages in numerical order beginning with page 6, following page 5 of the § 1983 complaint form.

Defendant Roselyn Mgbakor ("Mgbakor") refused to issue his prescribed psychotropic medication in the mornings if he was at recreation. (Compl. at 7.) He alleges that this failure to distribute his psychotropic medication resulted in "the unnecessary wanton and infliction of pain by reoccurences of psychological symptoms and mental conditions worsening.[sic]" *Id.* Plaintiff alleges that Defendant Kathryn Flangin ("Flangin"), a doctor, denied him access to medication for acid reflux disease, penicillin for a staphylococcus infection, and "Naproxin for pain for disability." (Compl. at 8; Mag. Quest. at 2.) Plaintiff alleges that because he did not receive this medication, he experienced back and shoulder pain. (Mag. Quest. at 3.) He also alleges that his staphylococcus infection spread and caused physical scarring, and that the acid build-up in his stomach resulted in uncontrollable vomiting and affected his stomach lining. *Id.*

On July 6, 2005, Mgbakor and Flangin, both employees of the University of Texas Medical Branch ("UTMB"), moved to dismiss the complaint on grounds of Eleventh Amendment immunity and for failure to exhaust administrative remedies. (Mot. at 2-7.) In addition, Mgbakor and Flangin asserted that he had failed to state a claim with respect to the claims against them individually. *Id.* at 7-9.

In its findings, conclusions, and recommendations issued September 13, 2005, the Court recommended that Plaintiff's claims against Flangin and Mgbakor in their official capacities be dismissed on grounds of Eleventh Amendment immunity. *Combs v. Valdez*, 2005 WL 2291626, at *3 (N.D. Tex. Sept. 13, 2005). The Court declined to recommend dismissal of Plaintiff's complaint against them individually for failure to exhaust administrative remedies based on its finding that Plaintiff's allegations of exhaustion were sufficiently specific to satisfy the pleading requirements at that stage of the proceedings. *Id.* at *5. Furthermore, the Court found that while Plaintiff's

complaint failed to state a claim against Flangin and Mgbakor individually, Plaintiff had not pled his best case as a matter of law. *Id.* at *6-8. Thus, the Court recommended that Plaintiff receive an opportunity to replead his claims prior to their dismissal. *Id.* The District Court adopted these findings and recommendations in its *Order* of October 4, 2005.

On September 29, 2005, Plaintiff filed a motion that referenced the Court's findings on Flangin and Mgbakor's motion to dismiss and requested an extension of 45 days or more to amend his complaint. (*See* Docket Entry No. 39.) The Court found that although the District Court's scheduling order set forth a June 1, 2006 deadline for the filing of motions for leave to amend pleadings, the setting of an earlier deadline with respect to Plaintiff's claims against Flangin and Mgbakor was appropriate. The Court therefore established a deadline of November 3, 2005 for Plaintiff to file a motion for leave to amend his complaint against Flangin and Mgbakor. To date, Plaintiff has not filed such a motion.

On November 10, 2005, Flangin and Mgbakor filed the instant motion for judgment on the pleadings pursuant to Rule 12(c). (2nd MTD at 1.) In this motion, Flangin and Mgbakor reurge the arguments in their first motion to dismiss with respect to their assertion that Plaintiff has failed to state claims against them individually. *Id.* at 2. They argue that because Plaintiff has now been given notice and an opportunity to replead his claims against them, and has failed to do so, dismissal of those claims with prejudice is appropriate at this time. *Id.* at 3-4.

Plaintiff did not file a response to Flangin and Mgbakor's motions. However, Plaintiff's mother sent the Court a letter dated December 8, 2005, in which she stated that Plaintiff had been moved to Huntsville. The letter also explained that Plaintiff was ready to send an unspecified document to the Court, but had been unable to get stamps to send it, and requested a 20 day

extension for the submission of that document.[2] Plaintiff's mother sent a second letter dated December 11, 2005, providing a different Huntsville address for Plaintiff. (*See* Docket Entry No. 53.) Subsequently, Plaintiff himself sent the Court a letter dated December 25, 2005, informing the Court of a change of address to the Hutchins State Jail, and requesting a new docket sheet starting at entry number 33. (*See* Docket Entry No. 54.)

## II. ANALYSIS

### A. Rule 12(c) Motion

Defendants move for dismissal of Plaintiff's claims pursuant to FED. R. CIV. P. 12(c). A motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure challenges a complaint on the basis that it fails to state a valid claim for relief. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). "'A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). "'Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.'" *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420)). "'[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.'" *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Jones v. Greninger*, 188 F.3d

---

[2] This letter does not appear on the docket sheet.

322, 324 (5th Cir. 1999) (per curiam)).

"Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Trust Co.*, 313 F.3d at 313 n.8 (citing 5A WRIGHT & MILLER, *supra*, § 1368 at 591 (Supp. 2002)). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges a complaint on the basis that it fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) motions to dismiss are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). To avoid dismissal, the plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court focuses on whether the plaintiff has a right to offer evidence to support his claims, rather than on whether he will succeed on those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**B. Opportunity to Amend**

As stated above, this Court previously found that Plaintiff's complaint fails to state a claim against Mgbakor and Flangin individually. *Combs*, 2005 WL 2291626, at *7-8. With respect to Plaintiff's claims against Mgbakor, the Court found that Plaintiff's complaint alleged only psychological damages, and thus failed to satisfy the PLRA's physical injury requirement for the award of compensatory damages. *Id.* at *6-7. The Court also found that Plaintiff's pleadings failed

to aver specifically Flangin's awareness of Plaintiff's need for medication. *Id.* at *8. The Court concluded, however, that it was not clear that Plaintiff had alleged his best case, due to the availability of other types of damages under the PLRA, and because it was not clear that the defects with respect to Plaintiff's claims against Flangin were incurable. *Id.* at *7-8. The Court therefore recommended, relying on Fifth Circuit case law, that Plaintiff should receive an opportunity to amend his complaint prior to dismissal on grounds that he had failed to state a claim. *Id.* (citing *Jones,* 188 F.3d at 326 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); citing *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996)); *Great Plains Trust Co.*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

In the instant motion, Flangin and Mgbakor argue that because Plaintiff now has had an opportunity to replead his claims against them, but has failed to do so, dismissal of those claims with prejudice is appropriate at this time. (2nd MTD at 3-4.) As Flangin and Mgbakor point out, Plaintiff has not attempted to amend his complaint in the three and one half months since the Court issued the findings indicating the need for him to do so. Plaintiff's motion requesting an extension of time to file a motion for leave to amend his complaint indicates that he received a copy of those findings and was on notice that his claims against Flangin and Mgbakor were subject to dismissal if he failed to file an amended complaint that stated a claim against them.[3] Plaintiff's motion for an extension of time was granted in part, and he was given until November 4, 2005 to file a motion for leave to

[3]The Court noted above that in the address change he submitted to the Court, Plaintiff requested a copy of the docket sheet dating from July 2005. However, because his motion for an extension of time reflects that he had received the Court's findings, conclusions, and recommendations on Flangin and Mgbakor's first motion to dismiss, the Court does not find that the request for the docket sheet indicates a lack of notice to Plaintiff with respect to the need to file an amended complaint.

amend his complaint; however, to date, Plaintiff has not attempted to file any such motion. Further Plaintiff's recent filing of a notice of address change and a request for a copy of the docket sheet appear to indicate that the alleged hardships caused by his facility transfers and inability to obtain stamps have ended. However, he has still not filed either a motion for leave to amend complaint or an amended complaint. Due to Plaintiff's failure to file an amended complaint despite being given ample notice and the opportunity to do so, and based on the Court's previous finding that Plaintiff's complaint does not state a claim against Flangin and Mgbakor individually, dismissal of those claims for failure to state a claim is appropriate.

Next, the Court addresses Flangin and Mgbakor's request that Plaintiff's claims against them be dismissed with prejudice. "When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *United States v. Rodriguez*, 66 F.3d 95, 97-98 (5th Cir. 1995) (citing *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)); *see also Lewis v. Woods*, 848 F.2d 649, 653-654 (1988) (amending judgment to dismissal without prejudice to allow plaintiff to file a new lawsuit if he knew facts stating a constitutional claim) (citing *Good*, 823 F.2d at 67); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 786 (N.D. Tex. 2000) (dismissing *pro se* complaint without prejudice where plaintiff failed to state a claim on which relief could be granted) (citing *Good*, 823 F.2d at 67; *Moawad*, 673 F.2d at 851).

Dismissal with prejudice may nevertheless be appropriate in a situation in which a plaintiff has been "given ample opportunity to amend [his] complaint, but refuses to do so[.]"[4] *Rodriguez*,

---

[4]Dismissal with prejudice is also appropriate if a court finds that a plaintiff has alleged his best case. *Jones v*, 188 F.3d at 327. The Court has found, as noted above, that Plaintiff has not alleged his best case with respect to his claims against Flangin and Mgbakor individually; therefore, this exception to the general rule of dismissal without prejudice of pro se complaints that fail to state a claim does not apply.

66 F.3d at 98 (citing *George v. King*, 837 F.2d 705, 708 n.2 (5th Cir. 1988)). In *Rodriguez*, the defendant's motion to dismiss was pending for nearly three months before the defendant filed a motion asking the court to deem the motion to dismiss as unopposed, in light of the plaintiffs' failure to respond to that motion. 66 F.3d at 96-97. Eight months later, without having received a response or other filing from the plaintiffs, the district court dismissed the complaint with prejudice. *Id.* The Fifth Circuit found that in that situation, the district court was justified in dismissing the complaint with prejudice, based on the plaintiffs' failure to take advantage of the long period of time they had to amend their complaint. And in *George v. King*, the Fifth Circuit found no basis to *sua sponte* alter the district court's dismissal of a complaint from one with prejudice to one without prejudice, due to the long, four-year pendency of the suit in which the plaintiff received a full opportunity to state and restate his claims. 837 F.2d at 708 n.2.

In contrast to the circumstances in *Rodriguez*, Flangin and Mgbakor's motion to dismiss has been pending only two months, and during that time Plaintiff has been in contact with the Court, submitting one notice of an address change himself and having his mother submit two other address changes. Also, unlike the long pendency of the *Rodriguez* action, this case has been pending for only eight and one half months in all. Moreover, Flangin and Mgbakor cite no authority in support of their request that the case be dismissed with prejudice. Under such circumstances, the Court finds no reason to depart from the general rule that the dismissal of a *pro se* complaint for failure to state a claim should be without prejudice. Accordingly, Plaintiff's claims against Flangin and Mgbakor individually should be dismissed without prejudice.[5]

---

[5]In *Mills v. Criminal District Court #3*, 837 F.2d 677, 680 (5th Cir. 1988), the Fith Circuit observed that dismissal without prejudice may involve adverse statute of limitations consequences requiring that a district court suspend the statute of limitations. Here, however, Plaintiff's claims against Flangin involve alleged denials of medication between February 19, 2005 and March 31, 2005. (Mag. Quest. at 8.) Plaintiff does not provide precise dates on which Mgbakor allegedly denied him access to medication, but his complaint implies that the denial

## III. RECOMMENDATION

For the foregoing reasons, the Court hereby **RECOMMENDS** that Defendants' Flangin's and Mgbakor's *Motion for Judgment on the Pleadings with Brief in Support* be **GRANTED**. Plaintiff's claims against Flangin and Mgbakor should be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 9th day of January, 2006.

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

occurred throughout his incarceration at the Dallas County Jail, beginning December 2004. (*See* Compl. at 4.) The statute of limitations on these claims is 2 years. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Thus, based on Plaintiff's current allegations, he will have at least 11 months to file a new suit against Mgbakor and over a year to file Flangin. For these reasons, the Court finds that no suspension of the statute of limitations is warranted here.