IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD COMBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-0831-D |
| VS. | § | |
| | § | |
| LUPE VALDEZ, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action by plaintiff Ronald Combs ("Combs") against four defendants complaining of the denial of prescription medications and of adequate medical care during his detention at the Dallas County Jail, defendant Lupe Valdez ("Sheriff Valdez") moves for summary judgment. The court grants the motion.[*]

Combs originally filed this lawsuit against Sheriff Valdez, Officer FNU Andrew ("Andrew"), Roselyn Mgbakor ("Mgbakor"), and Dr. Kathryn Flangin ("Dr. Flangin"). The magistrate judge granted Combs leave to proceed *in forma pauperis* until judgment is entered, and she ordered that process issue for each defendant. Service was returned unexecuted as to defendant Andrew on June 17, 2005. The other defendants were served.

On November 10, 2005 Dr. Flangin and Mgbakor moved for judgment on the pleadings. On February 9, 2006 the court adopted the recommendation of the magistrate judge, granted the motion,

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

and entered judgment dismissing without prejudice Combs's actions against Dr. Flangin and Mgbakor in their individual capacities.

Combs's remaining claims are against Andrew and Sheriff Valdez. Combs filed this suit on April 22, 2005. Over 18 months later, he still has not effected service on Andrew. Fed. R. Civ. P. 4(m) provides, in relevant part, that if service is not made within 120 days after the complaint is filed, the court on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time. If the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Accordingly, pursuant to Rule 4(m), Combs must demonstrate good cause, in accordance with Rules 4(m) and 6(b), for failing to effect service. This must be done by filing a written response with the clerk of court no later than December 22, 2006. If the court does not receive the required response on or before this date, or if the response received by the court fails to demonstrate good cause, the court will dismiss Combs's action against Andrew without prejudice, by authority of Rule 4(m).

Sheriff Valdez filed on July 31, 2006 a motion for summary judgment. Combs has not responded to the motion. His status as a *pro se* litigant does not excuse him from complying with the rules. *See Bookman v. Shubzda*, 945 F. Supp. 999, 1004-05 (N.D. Tex. 1996) (Fitzwater, J.). As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005.

While Combs's failure to respond does not permit the court to enter a "default" summary judgment, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), it does have substantive consequences.  The court is permitted to accept Sheriff Valdez's evidence as undisputed.  *Id.*  Additionally, because Sheriff Valdez does not have the burden at trial concerning Combs's claim, she can meet her summary judgment obligation by pointing the court to the absence of evidence to support the claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Because she has done so in her motion and brief, Combs must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial.  *See id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  Summary judgment is mandatory where the nonmoving party fails to meet this burden.  *Little*, 37 F.3d at 1076.  Combs's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial.  "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman,* 945 F. Supp. at 1002 (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Accordingly, the court holds that Sheriff Valdez is entitled to summary judgment dismissing Combs's suit against her, and her July 31, 2006 motion for summary judgment is granted, and a Rule 54(b) final judgment in her favor is being filed today.

\* \* \*

Sheriff Valdez's July 31, 2006 motion for summary judgment is granted.  Combs is ordered to comply with Rule 4(m) as to Andrew no later than December 22, 2006.  Because the only remaining defendant in this case has not yet been served and may be dismissed, the court vacates

the March 5, 2007 trial setting in this case.

**SO ORDERED.**

November 30, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 4 -